UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Margots Kapacs, | Case No. 17-cv-3615 (WMW/HB) |
| Plaintiff, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| State of Minnesota and Minnesota Board on Judicial Standards, | |
| Defendants. | |

This matter is before the Court on the August 22, 2017 Report and Recommendation (R&R) of United States Magistrate Judge Hildy Bowbeer. (Dkt. 18.) The Court granted Plaintiff Margots Kapacs's request for an extension of time to object to the R&R, and Kapacs thereafter filed timely objections.

On October 3, 2017, approximately three weeks after filing his objections to the R&R, Kapacs filed a motion for leave to amend his complaint. Because Kapacs has not yet served his original complaint on Defendants, he is permitted to amend his complaint as a matter of course and need not first obtain the Court's leave. *See* Fed. R. Civ. P. 15(a)(1). Thus, the Court construes Kapacs's amended complaint as the operative complaint. In his amended complaint, Kapacs does not add or remove defendants or legal claims or otherwise alter the nature of the relief he seeks. Rather, the amended complaint includes approximately six additional paragraphs in which Kapacs provides additional details in support of his claims. These additional details involve allegations that the Minnesota state court judge who presided over Kapacs's marriage dissolution

proceedings treated him unfairly during the course of those proceedings and altered court records, and that Kapacs's complaints to Defendant Minnesota Board on Judicial Standards (Board) have been ignored. In light of the limited nature of the differences between Kapacs's original complaint and his amended complaint, the R&R's analysis and recommendations with respect to the original complaint also are largely applicable to the amended complaint. As such, the Court will construe the R&R as applying to the amended complaint.

The R&R observes that, under the *Rooker-Feldman* doctrine, this Court lacks subject matter jurisdiction over challenges to state-court decisions. *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 416 (1923). Thus, to the extent that Kapacs challenges the decisions of the Minnesota state courts in his marriage-dissolution proceedings, the R&R recommends dismissal for lack of subject-matter jurisdiction. As to Kapacs's claim that the Board has acted unlawfully in rejecting his claims of judicial misconduct, the R&R concludes that (1) this Court must abstain from intervening in ongoing administrative state proceedings involving alleged judicial misconduct and (2) Kapacs's claim against the Board is both factually and legally frivolous because Kapacs has not alleged any judicial impropriety or misapplication of relevant law or that he has any legal entitlement to federal redress from the Board's decisions.

In his objections, Kapacs first asserts that the R&R omits or misstates certain facts underlying his lawsuit. Kapacs does not, however, identify any alleged omissions or misstatements that would materially affect the R&R's analysis or legal conclusions.

Moreover, several of Kapacs's objections misconstrue the R&R. For example, Kapacs incorrectly asserts that the R&R concludes "that the Minnesota Board on Judicial Standards . . . is above the law." The R&R reaches no such conclusion. Kapacs also incorrectly suggests that the R&R includes factual findings and legal conclusions as to the merits of Kapacs's claims. To the contrary, the R&R recommends declining to reach the substantive merits of Kapacs's claims for lack of subject-matter jurisdiction.

Significantly, Kapacs fails to acknowledge or remedy the jurisdictional deficiencies identified in the R&R. Thus, the Court overrules Kapacs's objections arising from his claims challenging the decisions of the Minnesota state courts and adopts the R&R's recommendation that these claims be dismissed for lack of subject-matter jurisdiction.

Although Kapacs challenges the R&R's conclusion that his claims against the Board must be dismissed, he does not challenge the R&R's conclusion that this Court must abstain from intervening in ongoing state administrative proceedings involving alleged judicial misconduct. When there is an ongoing state proceeding that both implicates important state interests and provides an adequate opportunity to raise any relevant federal questions, a federal court should abstain from exercising jurisdiction. *Plouffe v. Ligon*, 606 F.3d 890, 892 (8th Cir. 2010). Kapacs's representations to this Court regarding the complaint he filed with the Board in July 2017 indicates that there is an ongoing state proceeding. There "is a strong state interest in attorney disciplinary proceedings." *Id.* at 893. And Kapacs has not demonstrated that the state administrative proceedings will not afford him an adequate opportunity to raise any relevant federal

issues. *See id.* (recognizing that plaintiff bears burden to show that state attorney discipline proceedings will not afford plaintiff opportunity to raise federal issues, including constitutional claims). Nor has Kapacs shown bad faith, harassment or other extraordinary circumstance that would make abstention inappropriate. *See id.* at 892-93. Thus, Kapacs's objections do not establish that abstention is unwarranted here. *See id.* at 893-94 (affirming dismissal of complaint against director of state professional conduct office on abstention grounds).

Even if abstention were not warranted here, the Eleventh Amendment to the United States Constitution bars a plaintiff from suing a state or its agencies in federal court absent consent or congressional abrogation of immunity. *Monroe v. Ark. State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007); *Doe v. Nebraska*, 345 F.3d 593, 597 (8th Cir. 2003). The Board is an agency of the State of Minnesota. *See* Minn. Stat. § 490A.01 (establishing Board); *Snyder v. Kurvers*, 767 F.2d 489, 490 (8th Cir. 1985) (describing origins of Board). As a state agency, the Board is immune from being sued in federal court unless the state has consented to the lawsuit or Congress has abrogated the Board's immunity. *See Ashby v. Minn. Bd. on Judicial Standards*, No. 08-4691, 2008 WL 5236023, at *3 (D. Minn. Dec. 15, 2008) (concluding that complaint against Minnesota Board on Judicial Standards must be dismissed on immunity grounds). Kapacs has not alleged that either circumstance exists here. For these reasons, the Court overrules Kapacs's objections with respect to his claims against the Board.

This Court reviews those portions of the R&R to which no objections have been made for clear error. *See* Fed. R. Civ. P. 72(b) 1983 advisory committee note; *Grinder v.*

4

*Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam). Having reviewed those portions of the R&R, the Court concludes that the R&R is neither clearly erroneous nor contrary to law. Moreover, the additional information that Kapacs supplies in his amended complaint does not remedy the deficiencies identified in the R&R or otherwise entitle Kapacs to the relief he seeks.[1]

Based on the foregoing analysis, the R&R and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Plaintiff's objections, (Dkt. 24), are **OVERRULED**;

2. The August 22, 2017 R&R, (Dkt. 18), is **ADOPTED**;

3. Plaintiff's amended complaint, (Dkt. 26), is **DISMISSED WITHOUT PREJUDICE**;

4. Plaintiff's application to proceed in district court without prepaying fees or costs, (Dkt. 2), is **DENIED**;

5. Plaintiff's motion for a temporary restraining order, (Dkt. 4), is **DENIED**;

6. Plaintiff's motion for a preliminary injunction, (Dkt. 12), is **DENIED**; and

7. Plaintiff's motion to appoint counsel, (Dkt. 25), is **DENIED**.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: November 20, 2017
s/Wilhelmina M. Wright
Wilhelmina M. Wright
United States District Judge

---

[1] After filing his objections to the R&R, Kapacs filed a motion to appoint counsel. In light of the Court's rulings, Kapacs's motion to appoint counsel is denied as moot.